IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ROBERT WHIRTY, #195269, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1484-B |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) at the Clements Unit in Amarillo, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case, pending preliminary screening.

Statement of the Case: In 1967, Petitioner pled guilty to capital murder in Criminal District Court No. 2, of Dallas County, Texas, in Cause No. C67-1560-I. (Pet. at 2, and TDCJ

Offender Information Detail).[1]  On July 10, 1967, punishment was assessed at life imprisonment imprisonment.  (*Id.*).  Petitioner did not appeal.  (Pet. at 3).  He twice, unsuccessfully challenged in federal court the denial of parole review by the Texas Board of Pardons and Parole.  *See Whirty v. Director*, 3:84cv0043-F (N.D. Tex., Dallas Div., Jun. 8, 1984); *Whirty v. Estelle*, 3:83cv534-G (N.D. Tex., Dallas Div. Jul 18, 1983).

Thereafter, on May 21, 2004, Petitioner filed in the convicting court his last state habeas corpus application pursuant to art. 11.07, Texas Code of Criminal Procedure.  *See Ex parte Whirty*, No. W67-01560-E.  On November 9, 2004, the Texas Court of Criminal Appeals (TCCA) denied the application without written order.  *Ex parte Whirty*, No. WR-5,300-09, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=227229 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals, Feb. 5, 2008).

Petitioner alleges that on March 14, 2007, he submitted an "original habeas corpus" petition in the convicting court, raising the claims at issue in this case.  (Pet. at 3).  The court purportedly refused to file and/or rule on the petition, and Petitioner unsuccessfully sought relief through a petition for writ of mandamus in the Fifth District Court of Appeals on May 30 and June 10, 2007.  (*Id.* at 4).

Petitioner lists numerous other state writs and mandamus applications in Potter County (where he is confined), the Seventh Court of Appeals, and the Texas Supreme Court, in 2005-2006.  (Pet. at typewritten attachment to p. 3).

On August 30, 2007, Petitioner filed this federal petition for writ of habeas corpus.  In his

---

[1]     The TDCJ Offender Information Detail is available at http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=01405568.

sole ground of error, he asserts that he is imprisoned on the bases of a "void judgment in violation of due process." (Pet. at 7). Specifically, he allege that he was convicted of a capital offense without a jury trial in violation of his constitutional rights. (*Id.*).[2]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006).[3]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

---

[2] For purposes of this recommendation, the petition is deemed filed on August 24, 2007, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[3] On September 11, 2007, the court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response to the court's show cause order on September 20, 2007.

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's convictions became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a direct appeal following his guilty plea conviction. As a consequence, his conviction became final in August 1967, thirty days after the judgment of conviction was entered. *See* Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997), formerly Tex. R. App. P. 41(b)(1); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). Because the above date preceded the enactment of the AEDPA, Petitioner had a one-year grace period, from April 25, 1996, through April 24, 1997, within which to seek habeas corpus relief. *See Flanagan v. Johnson*, 154 F.3d 196, 199-200 n.2 and 202 (5th Cir. 1998) (citing *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998)).

Petitioner did not file this federal habeas petition until August 24, 2007, more than ten years after the running of the one-year grace period. Although 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of state habeas proceedings, the state habeas application, which he purportedly sought to file in 2007 (Pet. at 3), was not pending in state court during the one-year grace period. *Scott*, 227 F.3d at 263. Nor was the art. 11.07, filed on May 21, 2004, and dismissed as an abuse of the writ on November 9, 2004, pending during the grace period.

4

Therefore, this federal habeas petition is clearly untimely absent equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

In response to the show cause order, Plaintiff does not address the timeliness of his federal petition, or the applicability of the equitable tolling doctrine. (Pet's Response filed September 20, 2007). Rather he reiterates that in 1967 the court lacked jurisdiction to accept his guilty plea to capital offense. (*Id.* at 1-3).

Even when liberally construed in accordance with his *pro se* status, the present case does not present the type of "rare and exceptional circumstances" warranting equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner provides no explanation for the nearly ten-year delay since the expiration of the one-year grace period, which appear to have been of his own making. "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710,

715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DISMISS with prejudice the petition for writ of habeas corpus as barred by the one-year limitations period. See 28 U.S.C. § 2244(d).

Signed this 6th day of February, 2008.

*Wm. F. Sanderson, Jr.*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.